UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

DAVID & STACY K. SMELSER,                              CASE NO. 05-CV-70027-DT
                                                       HON. LAWRENCE P. ZATKOFF
       Debtors,

(Bankr. Case No. 03–41980)
_____

DAVID & STACY K. SMELSER,

       Appellants,

vs.

UNITED STATES OF AMERICA, improperly
named as the Internal Revenue Service,

       Appellee.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Appellee United States of America's (hereinafter, the "Government") Motion to Dismiss Appeal (Docket # 2) pursuant to Bankruptcy Rule 8011.  The Appellants, David and Stacy K. Smelser (hereinafter, the "Smelsers"), have filed a response and the reply period has expired.  The facts and legal arguments are adequately set forth in the briefs submitted.  Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(e), this Court ORDERS that the Government's Motion to Dismiss Appeal be decided upon the briefs submitted, without this Court entertaining oral

arguments.  For the reasons that follow, Government's Motion to Dismiss Appeal is GRANTED. Accordingly, Government's Motion to Consolidate Cases (Docket #10) is hereby DISMISSED AS MOOT.

## II.  BACKGROUND

The Smelsers filed a voluntary petition for bankruptcy on January 23, 2003, electing to seek rearrangement under Chapter 13.  On April 17, 2003, the Internal Revenue Service ("IRS") filed a proof of claim in the case.  The Smelsers' plan was confirmed on June 12, 2003, by Order Confirming Plan signed by the bankruptcy court.  On November 19, 2003, the Smelsers filed a Notice of Objection to the claim of the IRS, which Notice was sent to the IRS but not the U.S. Attorney General's Office.  For a variety of reasons, neither the IRS nor the Attorney General's Office responded to the Smelsers' Notice of Objection within the period required by applicable law. Accordingly, on January 14, 2004, the bankruptcy court entered an Order (the "1/14/04 Order") disallowing the IRS's claim because the IRS had not responded to the Smelsers' objection. Throughout the ensuing nine months, the Smelsers, the IRS and the U.S. Department of Justice (Attorney General's Office) engaged in a series of motions, objections and claims.

On October 8, 2004, the Government filed a motion to vacate or reconsider the 1/14/04 Order, arguing (among other reasons) that the failure to serve the Attorney General rendered the 1/14/04 Order void under Fed. R. Civ. P. 60(b)(4).  The Government also asserted that the Order was invalid because it improperly granted a default judgment against the United States without an evidentiary hearing required by Fed. R. Civ. P. 55(e), made applicable under Bankruptcy Rules 7055 and 9014.  The Smelsers filed a response and the Government replied.  The parties argued the motion at a hearing on December 8, 2004, at which time the bankruptcy court orally granted the Government's motion to vacate the 1/14/04 Order.  The bankruptcy court directed counsel for the Government to prepare an order consistent with its ruling from the bench, obtain agreement from the Smelsers' attorney as to form and submit the same to the bankruptcy court pursuant to

2

Bankruptcy Local Rule 9021-1.

On December 14, 2004, the bankruptcy court entered an Order (agreed upon as to form by counsel for both parties) vacating the 1/14/04 Order, wherein the bankruptcy court stated, in part, that "[t]he claim of the Internal Revenue Service filed on April 4, 2003 (Claim No. 8) is REINSTATED subject to the Objection to said claim filed by the debtors on November 21, 2003 (DI# 39), which remains to be resolved by further proceedings." The December 14, 2004, Order (the "12/14/04 Order") also allowed discovery (as requested by the Smelsers) and set a status/scheduling conference for February 28, 2005.

On January 3, 2005, the Smelsers filed a "Claim of Appeal" in this Court.

### III. OPINION

A.    *Appeal of a Final Order*

Under 28 U.S.C. § 158(a)(1), district courts have jurisdiction over appeals from "final judgments, orders, and decrees" of bankruptcy courts. As the Sixth Circuit has stated: "[f]or purposes of appeal, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Janna W. Cundiff*, 227 B.R. 476, 477 (6th Cir. ) (citations and internal quotations omitted).

In the instant case, the Court is not persuaded that there has been a final judgment, order or decree of the bankruptcy court. Rather, the language of the 12/14/04 Order expressly says that "[t]he claim of the Internal Revenue Service filed on April 4, 2003 (Claim No. 8) is REINSTATED subject to the Objection to said claim filed by the debtors on November 21, 2003 (DI# 39), which remains to be resolved by further proceedings." On its face, the order makes clear that the parties continue to contest the IRS's claim filed on April 4, 2003, and that further proceedings are necessary to resolve that dispute. In addition, the 12/14/04 Order provides for discovery and a scheduling/status conference, both of which suggest that no final judgment or decree has been entered. Finally, the Sixth Circuit has stated in a non-bankruptcy civil case that "[o]rders vacating

3

default judgments . . . are interlocutory and non-appealable, thereby necessitating the dismissal of [an] appeal." *Clark v. Barksdale*, 798 F.2d 468 (6th Cir. 1986).

For the reasons stated, the Court concludes that, at a minimum, the merits of the validity of the IRS's claim have not been fully resolved in the bankruptcy court and that the bankruptcy court is not in a position to simply execute the judgment in this case.  Accordingly, the Court holds that the Smelsers have no right to appeal this matter on the basis of the entry of a final judgment, order or decree by the bankruptcy court.

B.      *Interlocutory Appeal*

An appeal of a non-final judgment, order or decree in a bankruptcy case also may be appropriate under 28 U.S.C. § 158(a)(3), which provides that district courts have jurisdiction to hear appeals of interlocutory orders and decrees in certain circumstances upon a motion for and the grant of leave to file such an appeal.  In their response brief, the Smelsers maintain that they are appealing a final order (the December 14, 2004, order granting reconsideration/vacating the January 14, 2004, order), and that this is not an interlocutory appeal.  The Court agrees that, under applicable law, this is not an appropriate case for granting leave to appeal an interlocutory order.  Therefore, even if the Smelsers' appeal were treated as a motion for leave to file an interlocutory appeal, such motion would be denied.

## IV.  CONCLUSION

Accordingly, and for the reasons set forth above, the Government's Motion to Dismiss Appeal is GRANTED, and this case is hereby DISMISSED WITHOUT PREJUDICE.  Judgment shall be entered accordingly.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

4

Dated:  May 25, 2005

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 25, 2005.

                            s/Marie E. Verlinde
                            Case Manager
                            (810) 984-3290

5